PTH:RAS
F. #2020R00475

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ROBERT COMPTON,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FILED UNDER SEAL**

COMPLAINT AND AFFIDAVIT IN SUPPORT OF APPLICATION FOR AN ARREST WARRANT
(18 U.S.C. § 1073)

No. 20-MJ-391

EASTERN DISTRICT OF NEW YORK, SS:

        SANDY RAO, being duly sworn, deposes and states that he is an Inspector with the United States Marshals Service, duly appointed according to law and acting as such.

        On or about and between April 27, 2020 and the present, within the Eastern District of New York and elsewhere, the defendant ROBERT COMPTON did knowingly and willfully move and travel in interstate or foreign commerce with intent to avoid prosecution and custody under the laws of the State of New York for the violation of parole, in violation of New York law, among other charges, under the laws of that State.

        (Title 18, United States Code, Section 1073)

        The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. I am an Inspector with the United States Marshals Service ("USMS") and have been for approximately eight years. Prior to that I was a Deputy Marshal with the USMS for approximately eleven years. I am currently assigned to the USMS and New York City Police Department ("NYPD") Fugitive Task Force (the "Task Force"), which focuses on the investigation of violent crimes and apprehension of fugitives. As an Inspector and a member of the Task Force, I have been involved in numerous criminal investigations.

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

3. On or about July 20, 2015, the defendant ROBERT COMPTON was convicted in the Richmond County Supreme Court of robbery in the second degree, in violation of New York Penal Law Section 160.10. COMPTON was sentenced on August 11, 2015, to 42 months in custody, to be followed by five years of post-release supervision. On or about May 10, 2018, the defendant was released from the custody of the New York State Department of Correctional Services after having completed the custodial portion of his sentence.

4. While on parole the defendant ROBERT COMPTON provided his grandmother's home at 19 Glover Street, Staten Island, New York 10308 (the "Parole Residence") as his residence, which was approved by the Parole Office. As part of the conditions of his release, COMPTON was to abide by a curfew and be at the Parole Residence from 9:00 p.m. to 7:00 a.m.

5. Upon information and belief, on April 26, 2020, the defendant ROBERT COMPTON was involved in a hit-and-run car accident during which a police officer sustained injuries. The driver, believed to be COMPTON, fled the scene by foot and COMPTON's phone and wallet were found in the car.

6. On April 27, 2020, officers from New York State Parole went to the Parole Residence at approximately 9:45 p.m., which was after the defendant ROBERT COMPTON's curfew, to confirm COMPTON's presence there. COMPTON was not present at the Parole Residence.

7. On May 4, 2020, after the case was transferred to the Regional Fugitive Task Force, task force members conducted an enforcement visit at the Parole Residence at approximately 5:50 a.m. and, with the permission of COMPTON's grandmother, searched the premises. COMPTON was not present, in violation of his curfew.

8. Since April 27, 2020, the defendant ROBERT COMPTON has failed to check in with his parole officer or attend mandated drug treatment programs.

9. The defendant ROBERT COMPTON violated his parole conditions by failing to report to his parole officer, failing to attend mandated programs, violating his curfew, and changing his address without proper parole authorization.

10. On April 29, 2020, a warrant was issued for the defendant ROBERT COMPTON in connection with the above-described parole violations.

11. As part of their attempts to locate the defendant ROBERT COMPTON, law enforcement authorities including myself have interviewed several individuals.

12. On May 1, 2020, I interviewed the defendant ROBERT COMPTON's father by phone. COMPTON's father was outside of New York City and stated that he was

in upstate New York. He stated in sum and substance and in part that law enforcement was not going to find COMPTON because COMPTON was "on the run."

13. On May 4, 2020, I interviewed one of the defendant ROBERT COMPTON's known associates, who is COMPTON's ex-girlfriend ("Associate-1"). Associate-1 stated in sum and substance, and in part, that relatives had informed her that COMPTON may be residing with his child's mother or with his sister, both of whom live in New Jersey. Associate-1 also informed me that I should speak with COMPTON's sister or with another ex-girlfriend of COMPTON's ("Associate-2"), who resides in Florida.

14. On May 4, 2020, I interviewed the defendant ROBERT COMPTON's employer at Tully Construction ("Employer-1") who stated that COMPTON's father had recently traveled to Florida. COMPTON has not appeared at work since April 24, 2020. Employer-1 also informed me that COMPTON has a paycheck that he has not picked up.

15. On May 21, 2020, I interviewed a confidential source ("CS-1"), who is associated with the defendant ROBERT COMPTON. CS-1 stated in sum and substance and in part that an unknown female on Instagram had sent him/her a message that day asking him/her to call a number with area code "561," which is a Florida area code. This message stated in sum and substance and in part, "This is RC call me at 561-610 . . ." The message also stated in sum and substance and in part, "I am in West Palm." CS-1 reported that he/she deleted the message because he/she did not know who the sender account was and he/she does not recall the exact telephone number. However, soon after our interview, a new Instagram account with account username "robcompton9" (the "Compton Account") began following CS-1's Instagram account. CS-1 immediately alerted me to the new account. The Compton Account follows three other accounts. One account is a

commercial site and the other two accounts belong to two individuals ("Associate-3" and "Associate-4") who are known associates of COMPTON's, both of whom I have interviewed. Associate-3's sister is Asscoiate-2, COMPTON's ex-girlfriend who lives in Florida.

16. The defendant ROBERT COMPTON has past criminal history in Florida.

17. Based on the foregoing, there is probable cause to believe that the defendant ROBERT COMPTON is currently outside of the state of New York.

18. Based on the foregoing, it appears that the defendant ROBERT COMPTON is a fugitive from justice.

19. I request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and arrest warrants via the internet. Therefore, premature disclosure of the contents of this affidavit and related documents could seriously jeopardize the investigation by giving the defendant ROBERT COMPTON an opportunity to flee from prosecution.

WHEREFORE, your deponent respectfully requests that the defendant ROBERT COMPTON, be dealt with according to law.

_____
SANDY RAO
Inspector, United States Marshals Service

Sworn to before me by telephone
this 22 day of May, 2020

_____
THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK